UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED AIRLINES, INC.<br>    Plaintiff,<br><br>v.<br><br>JOSHUA GREGORY ALLEN, an individual, a/k/a JOSHUA GREGORY a/k/a ALLEN GREGORY a/k/a GREGORY JOSHUA a/k/a JOSHUA ALLEN and OMAR SALAR HALABI, and individual, a/k/a OMAR SAFAR,<br>    Defendants. | CIVIL ACTION NO. 09-cv-10394 (NMG) |

**DEFENDANT JOSHUA G. ALLEN'S OPPOSITION TO
PLAINTIFF'S MOTION TO FILE UNDER SEAL**

Defendant Joshua G. Allen ("Allen") hereby Opposes plaintiff, United Airlines, Inc.'s ("United") Motion To File Opposition To Motion To Dismiss Under Seal (hereinafter, "Motion To File Under Seal"), for the following reasons.

United's Motion To Seal falls far short of the showing required for an order of impoundment under both LR 7.2 and the relevant case law. Essentially, United requests a blanket order of impoundment, sealing its entire, as-yet unfiled, Opposition to Defendant Omar Halabi's Motion To Dismiss. United's Motion devotes a single paragraph to explaining why United should be permitted to file its Opposition under seal:

> "In order to refute Halabi's arguments, the Opposition must discuss deteiles of the Defendants' scheme as they are recounted in the sealed version of the Complaint. As this Court acknowledged in the Order, members of the public could potentially use these details to replicate the Defendants' scheme and cause financial harm to United." Motion To Seal, ¶4.

United's Motion makes no effort to describe its unfiled Opposition in any meaningful detail or

guide the Court in crafting a narrowly tailored order of impoundment, if in fact an order is needed.

I.   Background

United's redacted Complaint alleges Allen and co-defendant Omar Halabi ("Halabi") engaged in a supposed fraud that "caused reservations to be booked on United using void flight vouchers." Amended Complaint, ¶32. The Amended Complaint additionally alleges the "defendants" at unspecified times used United's trademark in their alleged "promotional materials." Id., ¶41. However, United has been permitted to redact those portions of the Complaint which actually describe the defendants' conduct. See Redacted Complaint, ¶¶20-21, 23-31. This redaction unfairly conveys the impression Allen engaged in truly fraudulent or even criminal activity, when the truth is that all Allen has done is use United's tickets and vouchers in a way that is entirely lawful under the terms governing the tickets as well as under United's contract of carriage. The reality is, United wanted this Complaint sealed not because United is concerned about supposed "copy cats" replicating Allen's so-called "scheme," but to shield United from the embarrassment of disclosing an apparently substantial flaw in its own ticketing and voucher system.

The upshot is, the Court's impoundment order has allowed United to have it both ways: using the impoundment procedure, United has been permitted to unfairly smear the defendants by implying they engaged in some form of nefarious fraud, while hiding their actual conduct from public view, and shield itself from the embarrassment of disclosing that its own ticketing and voucher system is, apparently, deeply flawed. As Halabi forcefully argues in his Opposition To United's Motion To Seal, nothing in this case should have been sealed in the first place.

Certainly, United should not be allowed to continue sealing documents, particularly where it has completely failed to even attempt a persuasive showing in favor of impoundment under Local Rule 7.2 or the governing case law.

II.     Local Rule 7.2

Local Rule 7.2 provides, in relevant part:

> "(a)    Whenever a party files a motion to impound, the motion shall contain a statement of the earliest date on which the impounding order may be lifted, or a statement, supported by good cause, that the material should be impounded until further order of the court.
> . . . .
> (d)    Motions for impoundment must be filed and ruled upon prior to submission of the actual material sought to be impounded, unless the court orders otherwise.
> (e)    The court will not enter blanket orders that counsel for a party may at any time file material with the clerk, marked confidential, with instructions that the clerk withhold the material from public inspection.  A motion for impoundment must be presented each time a document or group of documents is to be filed.

III.    The Cases

Local Rule 7.2 should be read in the context of cases outlining the strong "presumption that the public has a right to see and copy judicial records . . .[and] . . . documents which properly come before the court in the course of an adjudicatory proceeding and which are relevant to the adjudication."  *FTC v. Standard Fin. Mgmnt Corp.,* 830 F.2d 404, 412-413 (1st Cir. 1987).  The presumption applies in civil as well as criminal cases.  *Standard Fin. Mgmnt Corp.,* at 408 n.4; *In re Providence Journal Co., Inc.*, 293 F.3d 1, 13 n.5 (1st Cir. 2002).  The party seeking impoundment bears a "heavy burden" of showing "special circumstances adequate to overcome the presumption of public accessibility."  *Id*. at 413.  "Only the most compelling reasons can justify the non-disclosure of judicial records.  *Id* at 410.  See also, *Poliquin v.*

*Garden Way, Inc.*, 989 F.2d 527, 533 (1st Cir. 1993). "At least in the absence of extraordinary circumstances, commercial embarrassment is not a 'compelling reason' to seal a trial record." *Poliquin* at 533. Furthermore, any order redacting or impounding judicial materials should be narrowly tailored to seal only as much as necessary to accomplish the intended purpose of impounding or redacting the document. See, e.g., *In re Providence Journal,* 293 F.3d at 11.

IV.     Argument

Reading United's cursory Motion To Seal, one would get the impression that the presumption was reversed, and that it was Allen's obligation to show why United's unfiled Opposition should not be sealed. In essence, United is treating the Court's April 29, 2009 Order permitting portions of the Complaint to be redacted as if the Order were the sort of blanket order of impoundment forbidden under LR 7.2.

Local Rule 7.2 clearly contemplates that a party seeking impoundment will, on a document-by-document basis, persuade the court that impoundment of portions, or, in exceptional cases, an entire document, is necessary. A cursory claim that United will have to refer to redacted portions of the Complaint in its as-yet unfiled Opposition falls far short of the mark. At the least, United should have described the content of its Opposition and explained precisely which portions it believes draw directly on the already impounded material. United has not even attempted the requisite showing required under LR 7.2. United's Motion To Seal should accordingly be denied.

>Respectfully submitted,
>JOSHUA GREGORY ALLEN
>By his attorney,
>
>/s/ Joseph B. Lichtblau
>Joseph B. Lichtblau (BBO # 555020)
>50 Congress Street, Suite 225
>Boston, MA 02109
>Tel:  (617) 722-9955
>Fax: (617) 722-9966
>jbl@jbllaw.com

CERTIFICATE OF SERVICE

I, Joseph B. Lichtblau, hereby certify that on August 17, 2009 I electronically filed the foregoing with the United States District Court for the District of Massachusetts using the CM/ECF System, and served the following CM/ECF registered participants electronically: Matthew Iverson, Esq., DLA Piper LLP (US), 33 Arch Street, 26th Floor, Boston, MA 02110-1447 and Todd S. Heyman, Esq., Shapiro Haber & Urmy, 53 State Street, Boston, MA 02019. Paper copies will be sent by first class mail to any non-registered participants.

>/s/ Joseph B. Lichtblau