# LICHTEN & LISS-RIORDAN, P.C.

ATTORNEYS AT LAW

100 CAMBRIDGE STREET, 20TH FLOOR
BOSTON, MASSACHUSETTS 02114

HAROLD L. LICHTEN[†]
SHANNON LISS-RIORDAN[◊]
HILLARY SCHWAB[◊]

TELEPHONE 617-994-5800
FACSIMILE 617-994-5801

WWW.LLRLAW.COM

IAN O. RUSSELL
BRANT A. CASAVANT

[†]ALSO ADMITTED IN MAINE
[◊]ALSO ADMITTED IN NEW YORK

December 21, 2009

**VIA HAND DELIVERY**
The Honorable Nathaniel M. Gorton
United States District Court, Courtroom 4
District of Massachusetts
One Courthouse Way
Boston, MA 02210

RE:   United Air Lines, Inc. v. Joshua Gregory Allen, et al., No. 09-10394

Dear Judge Gorton:

Enclosed is a Statement of Interested Third Parties in Opposition to Plaintiff United Airlines, Inc.'s Motion to Seal its Brief in Opposition to Defendants' Motion to Dismiss. We respectfully request that you take this statement into consideration in ruling on the motion. A copy of the motion has been served on the parties by electronic mail.

Thank you for your consideration.

Sincerely,

Hillary Schwab
Hillary Schwab

cc:   Todd Heyman, Esq.
      Matthew J. Iverson, Esq.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED AIR LINES, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOSHUA GREGORY ALLEN, and OMAR )<br>SAFAR HALABI, )<br>)<br>Defendants. )<br>) | Civil Action No. 09-10394-NMG |

**STATEMENT OF INTERESTED THIRD PARTIES IN OPPOSITION TO PLAINTIFF UNITED AIRLINES, INC.'S MOTION TO SEAL ITS BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

This statement is filed on behalf of the plaintiffs in <u>Brown et al. v. United Air Lines, Inc.</u>, D. Mass. Civil Action No. 08-10689-NG, skycaps who have challenged the $2 per bag curbside check-in fee imposed by United. As described below, the <u>Brown</u> plaintiffs have a significant interest in United's motion to seal its brief in opposition to Defendant Omar Safar Halabi's motion to dismiss being denied in this case, as United has taken an entirely contrary position on preemption under the Airline Deregulation Act in <u>Brown</u>. Accordingly, the Brown plaintiffs hereby join in the opposition of Defendant Halabi in this matter to United's motion to seal its brief.

As Defendant Halabi has explained in his supplemental memorandum in support of his opposition to Plaintiffs' motion to seal its brief in opposition to Halabi's motion to dismiss (Docket No. 56, filed on 12/14/2009), United Airlines argued strenuously in the <u>Brown</u> case that the plaintiffs' claims were preempted and urged the Court to take a broad view of the scope of the Airline Deregulation Act (ADA). To the extent that United

has taken a contrary position in this case, the Brown plaintiffs are entitled to have access to that legal briefing and would be severely prejudiced if they were denied the ability to see United's briefing on ADA preemption in this case.

As Defendant Halabi has explained, Judge Nancy Gertner dismissed Plaintiffs' claims in Brown on United's motion, holding that the claims were preempted under the ADA. Brown, D. Mass. Civil Action No. 08-10689-NG (Docket No. 61, filed 9/22/2009); also reprinted at 2009 WL 3008078. However, at a hearing in a case brought against another airline raising similar claims, Mitchell et al. v. US Airways, Inc., D. Mass. Civil Action No. 08-10629-NG, Judge Gertner indicated her willingness to entertain a motion by Plaintiffs for reconsideration of her decision dismissing the claims. Plaintiffs' motion for reconsideration in Brown is now pending. Brown, D. Mass. Civil Action No. 08-10689-NG (Docket No. 62, filed 10/6/2009).

Ironically, in its opposition to Plaintiffs' motion for reconsideration in Brown, United has argued that Plaintiffs are estopped from raising arguments that United deems to be contrary to previously raised arguments, citing the First Circuit for the proposition that, "[a]s a general matter, the doctrine of judicial estoppels prevents a litigant from pressing a claim that is inconsistent with a position taken by that litigant either in a prior legal proceeding or in an earlier phase of the same legal proceeding." Brown, D. Mass. Civil Action No. 08-10689-NG, Def.'s Opp. to Pls.' Mot. for Reconsid. at 7 (Docket No. 63, filed 10/20/2009) (quoting Alternative Sys. Concepts, Inc. v. Synopsis, Inc., 374 F.3d 23, 32-33 (1st Cir. 2004)). United should not be able to shield

itself from a similar judicial estoppel argument by sealing the brief in which it has advanced a conflicting legal argument to the position it has taken in Brown.[1]

Because the Brown plaintiffs would be substantially prejudiced by United's brief being sealed in this matter as explained above, they request that the Court deny United's motion to seal its opposition to Defendant Halabi's motion to dismiss.

Respectfully submitted,

JOSEPH BROWN, et al.,
and all others similarly situated,

*Plaintiffs in Brown et al. v. United Air Lines, Inc., D. Mass. Civil Action No. 08-10689-NG and Interested Parties*,

By their attorneys,

_____
Shannon Liss-Riordan, BBO #640716
Hillary Schwab, BBO #666029
LICHTEN & LISS-RIORDAN, P.C.
100 Cambridge Street, 20th Floor
Boston, MA 02114
(617) 994-5800

Dated:     December 21, 2009

### CERTIFICATE OF SERVICE

I hereby certify that, on December 21, 2009, a copy of this document was served by electronic mail and first class mail on all counsel of record.

_____
Hillary Schwab, Esq.

---

[1]     Of course, United argues that its positions in this case and Brown are consistent (arguments which, on their face, appear evasive and overly reliant on wordsmithing). However, the Brown plaintiffs should have the opportunity to view United's briefing in this case and perform their own analysis of whether the positions conflict and the impact of any conflict on the Brown case.