```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS



   UNITED AIR LINES, INC.,          )
                     Plaintiff,     )
                                    )
                                    )
   vs.                              )  CA No. 09-10394-NMG
                                    )
                                    )
   JOSHUA GREGORY ALLEN and         )
   OMAR SAFAR HALABI,               )
                     Defendants.    )



   BEFORE:  THE HONORABLE NATHANIEL M. GORTON



                         HEARING ON MOTIONS




          John Joseph Moakley United States Courthouse
                       Courtroom No. 4
                      One Courthouse Way
                       Boston, MA 02210
                   Monday, December 21, 2009
                           2:45 p.m.




              Cheryl Dahlstrom, RMR, CRR
                 Official Court Reporter
         John Joseph Moakley United States Courthouse
                One Courthouse Way, Room 3209
                       Boston, MA 02210
           Mechanical Steno - Transcript by Computer
```

```
 1   APPEARANCES:

 2        DLA Piper Rudnick Gray Cary US LLP
          By:  Matthew J. Iverson, Esq.
 3        33 Arch Street
          Boston, Massachusetts 02110-1447
 4        - and -
          DLA Piper LLP
 5        By:  Gina L. Durham, Esq.
          203 North Lasalle Street
 6        Chicago, Illinois 60601
          On behalf of the Plaintiff.
 7
          Joseph B. Lichtblau, Esq.
 8        50 Congress Street
          Boston, Massachusetts 02109
 9        On behalf of the Defendant Joshua Gregory Allen.

10        SHAPIRO, HABER & URMY, LLP
          By:  Todd S. Heyman, Esq.
11        53 State Street
          Boston, Massachusetts 02109
12        On behalf of the Defendant Omar Safar Halabi.

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                  P R O C E E D I N G S
 2          THE CLERK:  This is Civil Action 09-10394, United Air
 3  Lines vs. Allen, et al.  Will counsel please identify
 4  themselves for the record.
 5          MS. DURHAM:  Good morning, your Honor.  Gina Durham on
 6  behalf of United.
 7          THE COURT:  Miss Durham, good afternoon.
 8          MR. IVERSON:   Matt Iverson, also on behalf of United.
 9          THE COURT:  Mr. Iverson.
10          MR. HEYMAN:   Todd Heyman, Omar Halabi.
11          THE COURT:  Mr. Heyman.
12          MR. LICHTBLAU:  Joseph B. Lichtblau on behalf of
13  Joshua Allen.
14          THE COURT:  Mr. Lichtblau.  Don't worry about the
15  microphones, counsel.  I can hear you fine without using them.
16          We're here because there are several pending motions
17  in this case, and they have been pending for some time.  We had
18  a hearing -- when was it?  Last month, I believe.  And we had
19  an issue as to whether or not the claims of United Air Lines
20  should be dismissed for -- on preemption grounds and so forth.
21  And I have made certain determinations that I want to convey to
22  counsel now and, hopefully, get this case back on track.
23          I'll just say in beginning that the Court does believe
24  that the defendants have made an effort to game the system.
25  Whether that gaming is legal or illegal, that decision is for
```

1  another day. But the Court believes that causes of action can
2  be stated against the defendants but have not necessarily been
3  stated at this point.
4    Earlier during the case, the Court instructed the
5  plaintiff to file an amended complaint with general allegations
6  of the scheme, and only the details of the alleged illegal
7  scheme, in a sealed addendum. The plaintiff, however, instead,
8  filed separate complaints, an open one with redactions. That
9  is completely unacceptable and inappropriate. And so we're
10 going to have to start over again if the plaintiff so chooses.
11   The amended complaint, which is in four counts, will,
12 therefore, be dismissed without prejudice to the filing of a
13 second amended complaint within 30 days. And with this
14 dismissal, the Court wishes to make the following points clear:
15 First, the complaint is not dismissed on preemption grounds.
16 This Court is satisfied that the plaintiff here is not
17 attempting to avoid the regulatory purpose of the Aviation
18 Deregulation Act but is, rather, trying to protect the vitality
19 of its self-imposed obligations under its voucher program.
20   And I rely in that decision on the reasoning of the
21 <u>Frequent Flier Depot</u> case from the Texas appellate court this
22 year; and, also, the reasoning of <u>Continental Airlines</u>, the
23 Central District of California case several years ago, that the
24 plaintiff's claims will not have a significant effect on that
25 airlines' rates, routes or services.

1             Now, the plaintiff's fraud and intentional
2    misrepresentation count is dismissed without prejudice because
3    the alleged fraud is not stated with sufficient specificity.
4    One customer buying multiple full-fare tickets, fully intending
5    not to use one or more of those tickets, is not actionable
6    fraud.  The systematic purchase of full-fare tickets by
7    coordinating individuals using disguises and different names
8    may be actionable, but the scheme must be described in more
9    detail.  Also, the plaintiffs have alleged no reliance on the
02:50 10    defendants' misrepresentations, and what defendants
11    specifically misrepresented to United Air Lines is still
12    unclear.
13             Third, the plaintiff's intentional interference with
14    advantageous business relations is dismissed without prejudice
15    because, although this is a close call as to whether or not a
16    claim was stated by the airlines originally, the plaintiff does
17    need to be more specific about the particular business
18    relationship with which the defendants allegedly interfered and
19    the specific damages the plaintiff allegedly suffered as a
02:51 20    result.
21             Fourth, the plaintiff's civil conspiracy claim is
22    denied without prejudice because the same detail that is
23    lacking in the fraud and intentional interference counts
24    detracts from the adequacy of that count.
25             And, fifth, the plaintiff's Lanham Act count is

1  dismissed without prejudice because there is no allegation that
2  there was some actual use of its trademark under circumstances
3  that, if true, would likely lead to consumer confusion.
4  Plaintiff's alleged facts are simply too sparse.
5          Now, with respect to the pending motions to seal and
6  any future sealing, only the specific details of the alleged
7  scheme, that is, for example, the methods used by the
8  defendants at the airport when giving up seats and obtaining
9  vouchers, alleged disguises that they used or the changing of
02:52 10  the names, the eBay advertisements, the use of the United Air
11  Lines logo, instructions to voucher purchasers as to how to
12  fool United Air Lines, et cetera, that sort of information may
13  be sealed but not the fact that full-fare tickets are redeemed
14  or that the defendants didn't imply that they never intended to
15  fly on United Air Lines.  That is not actionable fraud.
16          Now, the allowed sealing is not for this stage of the
17  litigation -- rather, is for this stage of the litigation only
18  and will not necessarily apply from henceforth when we get to
19  the summary judgment and/or trial stage because, at least for
02:53 20  now, the Court has determined the litigants' substantive rights
21  are not at stake.
22          There will be no more replies or sur-replies to
23  pleadings filed in this court without leave of Court.  And
24  further disputes about sealing after this clarification by the
25  Court will be resolved by counsel; and, if not, the Court is

        1    likely to impose costs on the loser. I want to make it even

        2    more clear, if I can, that the second amended complaint, if any

        3    is filed, will be filed publicly and shall not replace any of

        4    the allegations against the defendants with the word

        5    "redacted." Instead, each count will stand on its own, and

        6    everything will be stated in the open with the sole exception

        7    of the specific details as I previously set forth. Only the

        8    nitty-gritty details of the scheme will be included in the

        9    sealed addendum. And if the Court determines that any

02:54 10    inappropriate material appears in the addendum, it will not

      11    hesitate to order its unsealing to that extent.

      12        The Court reiterates that the only reason it is

      13    allowing the addendum to be filed under seal is because it

      14    presumably will describe in detail how the defendants allegedly

      15    executed their scheme to defraud and could be copied by those

      16    wishing to perform a similar scheme resulting in future

      17    financial harm to the plaintiffs.

      18        With respect to the pending motions, therefore, the

      19    defendants' motions to dismiss, Docket Nos. 18 and 41, are

02:55 20    allowed. The plaintiff's motion to strike, Docket No. 53, is

      21    denied. And with respect to the motions to seal, that is,

      22    Docket Nos. 24 and 45, they are denied as moot because the

      23    documents with sensitive material will be returned to counsel

      24    by the Court, and we're going to start over again in an effort

      25    to avoid any future problems.

```
 1                Now, do counsel have any questions with regard to the
 2     Court's rulings?  Miss Durham?
 3                MS. DURHAM:  Your Honor, I don't have any questions.
 4                THE COURT:  With respect to the defendants, Mr.
 5     Lichtblau?
 6                MR. LICHTBLAU:  No, your Honor.
 7                THE COURT:  And Mr. Heyman?
 8                MR. HEYMAN:  No, your Honor.
 9                THE COURT:  All right.  Is there anything else that
10     the Court can do now that will help get this matter back on
11     track?
12                Well, okay.  Then, in conclusion -- do plaintiffs have
13     something to offer?
14                MR. IVERSON:  I just had a question.  There are some
15     pending tracking order deadlines.  I just wanted to -- my
16     understanding would be that those tracking order deadlines
17     would have to change given the fact that we're going to have to
18     put in a new complaint now.
19                THE COURT:  What are the dates?  I don't have them in
20     mind.  Do you have them with you?
21                MR. IVERSON:  I do not have them on the top of my
22     head, although they were on the docket.
23                THE COURT:  This was the scheduling order we entered
24     last time?
25                MR. IVERSON:  The scheduling order, exactly.  I
```

1   believe they start coming up at the end of January.  I think
2   automatic discovery starts becoming due.
3           THE COURT:  We're going to have to amend those dates,
4   presumably, by 30 days.  Each one of the deadlines will be
5   extended by 30 days unless there's some reason why I shouldn't
6   do that.
7           And I don't have it in mind, but it seems to me that
8   since I'm now pushing back the commencement of the details of
9   this case, why it shouldn't be delayed.  Does anybody know of
10  any reason why I ought not to delay those deadlines by 30 days?
11          MR. HEYMAN:  No, your Honor.
12          THE COURT:  All right.  Then I will do that.  I'll ask
13  the deputy to reissue the document.  But for your own planning
14  purposes, you can assume that the scheduling order will be
15  amended by the extension of every deadline in that scheduling
16  order by a matter of 30 days, one month.
17          MR. IVERSON:  Thank you, your Honor.
18          MR. HEYMAN:  Your Honor, could I ask one question?
19          THE COURT:  Yes.
20          MR. HEYMAN:  Presumably, we'll have the opportunity to
21  just -- if we still believe they don't state a claim, to move
22  to dismiss then?  I don't know if 30 days is -- if you want to
23  maybe hold off on setting the new deadlines until we see how
24  that briefing -- or, I guess, we can just amend them later.
25          THE COURT:  What was the first -- here we are the

```
 1    middle -- call it in the end of December, and the new complaint
 2    will be filed no later than -- and I take it you can do it
 3    sooner, Miss Durham.  It would help.  It's going to be no later
 4    than the 21st of January.
 5              Then if the defendants feel it appropriate to file a
 6    motion to dismiss, they may do so.  But I am at least now,
 7    without these deadlines in front of me, reluctant to delay them
 8    any further.  If you're going -- everybody knows what the
 9    issues are now.  We're not going to have a preemption issue
10    next time around.  You may be challenging the -- whether or not
11    claims have been stated with respect to the counts that will be
12    in the amended -- in the second amended complaint.  But I think
13    we'll be in a position to respond much more quickly than we
14    have the first time around.
15              MR. HEYMAN:  I'm not saying I plan to do this, your
16    Honor, but I have considered the possibility of seeking --
17    given there is absolutely no case law with an airline under
18    these exact circumstances, suing a passenger, of seeking
19    interlocutory review.  And I think that I'd have to actually
20    make the preemption argument to preserve it for that purpose.
21              THE COURT:  You have to do what you have to do to
22    preserve it.  But I can tell you now, I've considered that, and
23    my judgment is not going to change with respect to the
24    preemption argument.
25              MR. HEYMAN:  I understand.
```

1          THE COURT:  Fair enough.

2          MR. HEYMAN:  Thank you.

3          THE COURT:  I just -- what I want to try to convey to

4    counsel is the idea that you are going to have to work with one

5    another.  I agree with the defendants in their assumption that

6    filing matters under seal is not to be desired.  I don't, as an

7    ordinary course, seal pleadings that are filed in cases.  And

8    I'm doing so in this case in a limited way, to try to preserve

9    for the plaintiff the possibility of avoiding copycat conduct

03:01  10   by others who would allegedly attempt to defraud the airline.

11         Fraud hasn't been proven yet.  It hasn't even been

12   appropriately alleged yet.  And it may be that the second time

13   around I will determine that a claim has not been stated.  But

14   as I see it, a claim is possibly stated if I get the kind of

15   detail that I need.

16         But I don't want this to be a matter where, every time

17   we go forward with a potential dispute, there is a problem with

18   respect to the alleged allegations of the fraudulent conduct.

19   I think the plaintiffs -- hopefully, I've conveyed to them what

03:02  20   my concern is about the pleadings and about the reluctance to

21   have these battles about sealing and motions to strike and all

22   of this which does not go to the merits of the claim that the

23   airline is trying to make.

24         So, hopefully, this will clarify matters, and counsel

25   will be able to work together.  You are officers of this court.

1  You are compelled to try to work out these matters in ways that
2  preserve the rights of both sides.  And I commend it to you
3  both and forewarn you that if I feel that one or the other side
4  is not making a good-faith effort to do that that I will impose
5  costs and/or sanctions against the party that I believe is
6  obfuscating.  Okay.
7  Yes, Mr. Lichtblau.
8  MR. LICHTBLAU:  Your Honor, you mentioned earlier this
9  documents would be returned, and I was wondering, actually,
03:03 10  which documents.
11  THE COURT:  Well, whatever documents that are in issue
12  that parties believe have sensitive information in it that are
13  currently at issue on these motions to seal.  I don't want to
14  have a permanently sealed document in this case.  Since we now
15  have no complaint before us, we shouldn't have any sealed
16  documents.  We shouldn't have the necessity of sealed documents
17  before us.
18  So if there is allegedly sensitive information in
19  documents that have been filed to date, they should be returned
03:03 20  to counsel, and then they won't be on file, and there won't be
21  any problem about their being sealed.
22  MR. LICHTBLAU:  I think that, your Honor -- in other
23  words, the -- for example, all of the pleadings involving the
24  motion to dismiss on preemption, I think those were all sealed.
25  Pretty much all of them were sealed.  The Court is saying that

1   those would all be returned and there will be nothing on record
2   concerning those documents?
3          THE COURT:  The only thing I want to be concerned
4   about is the allegedly sensitive information that United Air
5   Lines believes constitutes the fraudulent conduct.  I haven't
6   gone through the docket to itemize exactly which documents
7   ought and ought not to be somehow eliminated from the docket so
8   that they will not be a permanently sealed document on this
9   court's docket.
03:05 10          Now, if it takes counsel to sit down and make a
11  proposal as to which documents that entails, then that's what I
12  will do.  I want you to determine for me how this docket is to
13  be cleaned up, that is, resolved of any sealed documents so
14  that we can go forward with a clean case.  And the only thing
15  that's going to be sealed from this point forward is the
16  details of the alleged fraud that will be listed as an addendum
17  to the second amended complaint.
18         MR. HEYMAN:  So if I understand correctly, your Honor,
19  for example, in my memorandum in support of the motion to
03:05 20  dismiss, which the plaintiff has maintained should be filed
21  under seal and, obviously, we've taken the position that
22  there's nothing there that should be sealed, obviously, some of
23  that falls within your Honor's instructions now and some of it
24  doesn't.  Are you suggesting that we would be taking back any
25  document that has any portion of information in it that you

 1  would like to see sealed in future pleadings?
 2       THE COURT: Well, I don't have the documents in front
 3  of me now, Mr. Heyman, and I can't tell you that Docket Nos.
 4  27, 42, and 87 are to be returned to counsel because they have
 5  sensitive information in it.
 6       I need to have -- if you can't resolve this yourself
 7  -- and I'll give you 48 hours to do that, by the end of
 8  business, say -- by noon on Wednesday, to resolve it amongst
 9  yourselves. If you can't, then you tell me what it is that you
03:06 10  believe I should leave on the docket and what I shouldn't based
 11  upon my rulings that I don't want to have permanently sealed
 12  documents in this case.
 13       MR. HEYMAN: I apologize, your Honor. I should have
 14  probably made this more clear. If a document contains any
 15  portion of information that you believe sealing is appropriate
 16  to, should the entire document come back to us? Or are you
 17  asking -- you don't want any more redactions. For example, you
 18  don't want us to replace those with redacted documents.
 19       THE COURT: Absolutely not.
03:07 20       MR. HEYMAN: If it has any portion at all of sealed
 21  information, you want the document returned?
 22       THE COURT: To the extent that it is allegedly
 23  sensitive information, I want it off the docket of this court
 24  and not to be permanently sealed with the papers of this case.
 25  That's what I'm trying to avoid --

```
 1              MR. HEYMAN:  Right.
 2              THE COURT:  -- a permanent sealing of documents.  I
 3    mean, as we go forward, as I anticipate, this second amended
 4    complaint is going to include an addendum that will be sealed.
 5    That's going to be the only document that's going to be sealed
 6    as the case goes forward.
 7              MR. LICHTBLAU:  I think, your Honor -- I think perhaps
 8    the concern is that we have made an argument -- the defendants
 9    have made an argument that United has taken different positions
10    in this case than it's taken in other cases.  There are, as we
11    understand it today, third parties who might have an interest
12    in the documents that have been filed to date in revealing that
13    United has taken contrary positions in this case than it's
14    taken in other cases.
15              So by returning -- if any of those documents are
16    returned or taken off the docket, those third parties would
17    lose that opportunity if I'm making myself clear.
18              THE COURT:  Well, I understand that a third party has
19    filed a document in this session.  I haven't looked at it, but
20    it was just filed, and it does have to do with what you
21    suggest.  But that seems to me to be an argument for another
22    day.  In fact, it's another party, a third party.  You don't
23    represent that party, do you?  So I don't have a party before
24    me now that is making that argument.
25              And, of course, I will have to deal with that at some
```

```
 1    stage.  I'll wait until it's responded to, presumably by the
 2    plaintiffs, and then I'll try to resolve that.  But maybe it's
 3    because I don't have in mind precisely what documents it is
 4    that are under dispute being argued about as being sealed or
 5    not sealed at this point.  But my overall focus is getting
 6    sealed documents off the docket.
 7              MR. LICHTBLAU:  May I suggest, your Honor, that the 48
 8    hours to -- for counsel to work this out may be complicated by
 9    what was filed today.  And perhaps what was filed today --
10    perhaps that party ought to have -- perhaps United ought to
11    have a chance to respond to that party, et cetera, before we
12    get into a discussion of what should be taken back off the
13    docket because my understanding of what was filed today is that
14    that party is seeking to look at some of the documents which
15    were sealed.  I don't know how we would have a discussion about
16    what should be taken off the record if there's a third party
17    that wants to look at the very same document.  I don't know
18    what we could conclude by Wednesday at noon.
19              THE COURT:  Anything further, Miss Durham?
20              MS. DURHAM:  Your Honor, I think that maybe if counsel
21    sit down and talk about what's actually in the pleadings, we
22    can decide where to go from here.  As you, your Honor, it's
23    hard to make the call not having the pleadings in front of me.
24    I know that, for example, in our case, we made some motions to
25    seal in advance of having to file ours.  We didn't know exactly
```
(Timestamps: 03:09 at line 10; 03:10 at line 20)

```
 1   what we would have to say, but we anticipated having to say
 2   certain things.
 3           I think we can go back, look at what is actually in
 4   the briefs, and decide -- perhaps there's something that's
 5   sealed that doesn't need to be sealed, whether it remain in the
 6   docket or not.  I don't necessarily want to make this decision
 7   in a vacuum.
 8           THE COURT:  Obviously, to the extent that counsel can
 9   agree that documents don't need to be sealed, that resolves the
10   problem.  I'm not in the business of trying to second-guess
11   what ought and ought not to be sealed.  Only counsel can advise
12   the Court in that regard.
13           But I'm not going to wait on this decision depending
14   on what a third party has filed with me.  I have enough
15   problems with the disputes that the two of you have with one
16   another rather than worrying about what some third party's
17   worries are.
18           So I am going to instruct you to -- you can remain
19   here because there's nobody else in this courtroom after now --
20   to try to resolve it to the extent that you can.  That you
21   can't, let me know within 48 hours.  If you can't resolve it
22   within 48 hours, then I will resolve it myself.  But I -- in
23   light of what I've said before, I sincerely hope that you can
24   come to some sort of resolution and give the Court guidance as
25   to what should and should not be remaining on the docket
```

1   understanding what I've done to the amended complaint; namely,
2   I've dismissed it.
3           Okay.  Anything else?  If not, we're adjourned.
4   (Whereupon, at 3:12 p.m. the hearing concluded.)
5
6                         *  *  *  *  *  *
7
8                     C E R T I F I C A T E
9
10
11          I certify that the foregoing is a correct transcript
12  of the record of proceedings in the above-entitled matter to
13  the best of my skill and ability.
14
15
16
17
18
19  /s/Cheryl Dahlstrom                    12/22/2009
20  Cheryl Dahlstrom, RMR, CRR             Dated
21  Official Court Reporter
22
23
24
25