United States District Court
District of Massachusetts

```
                                  )
UNITED AIR LINES, INC.,           )
          Plaintiff,              )
                                  )
          v.                      )    Civil Action No.
                                  )    09-10394-NMG
JOSHUA ALLEN GREGORY and OMAR     )
SAFAR HALABI,                     )
          Defendants.             )
                                  )
```

## MEMORANDUM & ORDER

GORTON, J.

This matter arises from a dispute between the plaintiff,
United Air Lines, Inc. ("United") and defendants Joshua Gregory
Allen ("Allen") and Omar Safar Halabi ("Halabi") (collectively,
"the defendants") concerning the defendants' alleged scheme to
obtain and sell flight vouchers. Before the Court is the
defendants' motion for interlocutory review.


## I.    Factual Background

The complaint alleges that beginning around April, 2008, and
continuing on more than 100 subsequent occasions, the defendants
engaged in a scheme to defraud United. Pursuant to that scheme,
the defendants allegedly purchased multiple, refundable, one-way
tickets on heavily booked United flights to different
destinations on the same day. Using disguises and altering their
names to avoid detection, the defendants would volunteer to give

-1-

up their seats and accept a proffered flight voucher in exchange.

United also alleges that the defendants would provide different Loyalty Program Member Identifications during the booking process in order to conceal further from United that their reservations all pertained to the same person. In the event that the gate agent did not seek volunteers to give up their seats, the defendants would simply choose not to board the aircraft and obtain a full refund for their tickets.

After collecting their free flight vouchers, the defendants would sell them on eBay or through other various venues. Although the vouchers included restrictions expressly stating that they would be void if sold, the defendants apparently encouraged buyers to circumvent those restrictions by falsely claiming to United that they had validly obtained the vouchers.

United maintains that the defendants' scheme has caused it 1) to authorize flight vouchers that would not have otherwise been issued, 2) to take seats out of its inventory that could have otherwise been sold to paying customers and 3) to provide free air travel to customers who were not entitled to such travel. United claims that, as a result of the defendants' conduct, it has lost business in excess of $75,000.

## II. Procedural History

On May 15, 2009, United filed a First Amended Complaint ("FAC") alleging four counts against the defendants: 1) common

-2-

law fraud, 2) intentional inference with advantageous business relationships, 3) violation of the Trademark Act of 1946, 15 U.S.C. § 1125(a), and 4) civil conspiracy.

After United filed its FAC, both defendants, represented by separate counsel, moved to dismiss United's allegations for failure to state a claim as well as on the grounds that United's state law claims were preempted by the Airline Deregulation Act ("ADA"). At a hearing on December 21, 2009, the Court dismissed all four counts of United's FAC without prejudice to the filing of a second amended complaint within 30 days. The Court explained that the dismissal of the FAC was not on preemption grounds (that issue having been decided in United's favor) but rather because United had not adequately pled its claims.

United filed its Second Amended Complaint ("SAC") on January 20, 2010. The SAC omits the Lanham Act count but retains the three common law claims. The defendants filed separate motions to dismiss the SAC in February, 2010, both of which the Court denied in a Memorandum and Order dated May 20, 2010. Although the defendants urged the Court to reconsider its ruling on the question of federal preemption, the Court declined to revisit that issue. Halabi promptly moved for certification of the preemption question under 28 U.S.C. § 1292(b). Although Allen did not originally join in Halabi's motion, he later moved the Court to do so.

-3-

On July 9, 2010, the parties appeared before the Court for a motion hearing.[1]  Having thoroughly considered the parties' written submissions and oral arguments, the Court now announces its ruling.

## III.  Legal Analysis

### A.  Legal Standard

Pursuant to 28 U.S.C. § 1292(b), a district judge may certify for interlocutory review an order, not otherwise appealable, that involves: 1) a controlling question of law, 2) as to which there is grounds for a substantial difference of opinion and 3) where an immediate appeal may materially advance the ultimate termination of the litigation.  28 U.S.C. § 1292(b); Philip Morris, Inc. v. Harshbarger, 957 F. Supp. 327, 330 (D. Mass. 1997).  Certification under § 1292(b) is an extraordinary procedure and the party seeking it bears a heavy burden of convincing the court that

> exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of final judgment.

Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978) (internal citation omitted); In re San Juan Dupont Plaza Hotel Fire Litigation, 859 F.2d 1007, 1010 n. 1 (1st Cir. 1988) (interlocutory review should be used "sparingly and only in

---

[1]  Counsel for Allen did not appear at the hearing but moved in writing to join Halabi's motion for interlocutory review on that same day.

-4-

exceptional circumstances").

**B.  Application**

The Airline Deregulation Act ("ADA") mandates that

> a State ... may not enact or enforce a law, regulation,
> or other provision having the force and effect of law
> related to a price, route, or service of an air
> carrier.

49 U.S.C. § 41713(b)(1).  Although the ADA has a "broad
preemptive purpose," Morales v. Trans World Airlines, Inc, 504
U.S. 374, 383-87 (1992), its scope is not unlimited.  A state law
claim is preempted only if the law either, on its face,
"explicitly refers to" an airline's prices, routes or services
or, in application, has a forbidden "significant effect" on the
same.  Buck v. American Airlines, Inc., 476 F.3d 29, 34-35 (1st
Cir. 2007); United Parcel Service v. Flores-Garcia, 318 F.3d 323,
335 (1st Cir. 2003).  State actions that affect airlines' fares,
routes or services in "too tenuous, remote, or peripheral a
manner" are not preempted.  Morales, 504 U.S. at 390.  In
addition to state laws that have only a tenuous effect on airline
rates and services, claims for breach of contract that "simply
give effect to bargains offered by the airlines and accepted by
customers" also escape preemption because they further Congress'
objective of market efficiency.  American Airlines v. Wolens, 513
U.S. 219, 228-30 (1995).

In their previous pleadings, the defendants sought dismissal
of United's claims on the grounds that they were an attempt to

use state tort law to alter the parties' voluntarily-assumed, contractual obligations and, as such, were preempted by the ADA. Their argument proceeded as follows:

Under United's current fare structure, the right to cancel a full-fare ticket, even after the flight is completed, is a contractual right built into the price of the ticket. The defendants assert that, in effect, United's suit (which does not assert a claim for breach of contract) seeks to use state law to change the terms of its air travel service by 1) eliminating the unfettered cancellation rights associated with a full-fare ticket when customers volunteer to be bumped from over-booked flights and 2) imposing an additional disclosure obligation on such passengers regarding their intent to fly. If full-fare ticket holders are not allowed both to keep their bumping voucher and cancel their full-fare ticket, then their full-fare tickets are, in essence, converted into ordinary discount tickets. The defendants reason, relying on Wolens, 513 U.S. at 233, that a ruling in this case that the defendants committed fraud would have a "significant effect" on airline fares because it would change the basic terms and conditions of United's full-fare tickets, thereby altering the parties' bargain.

At a motion hearing in December, 2009, the Court rejected the defendants' preemption argument, finding that United's claims had too tenuous an effect on United's rates, routes or services

-6-

to warrant preemption. Although the First Circuit has never specifically considered whether an airline's attempt to prosecute ticketing fraud under state law has a forbidden "significant effect" on airlines' rates or services, the Court relied on the reasoning of two cases in which other courts considered, and ultimately rejected, preemption arguments similar to those raised by the defendants.

In the first case, Continental Airlines v. Weiner, Continental brought suit against several individuals for allegedly selling discount airfare coupons without authorization. 1999 U.S. Dist. LEXIS 16377, at *2-3 (C.D. Cal. Mar. 29, 1999). The court held that Continental's state law claims had too tenuous an effect on the regulation of Continental's fares to warrant preemption because they did not require the court to inquire into the validity of Continental's programs or practices but only into the appropriateness of the non-carrier defendants' actions. Id. at *15-17.

In the second case, Frequent Flyer Depot, Inc. v. American Airlines, Inc., 281 S.W.3d 215 (Tex. App. 2009), American Airlines sought a temporary injunction to prevent defendants from brokering the sale and purchase of its reward points. The Texas Court of Appeals found that American Airlines' state law claims were not preempted, noting

> the [ADA] was intended to preempt only those state actions having a regulatory effect upon the airlines

-7-

rather than to preclude airlines from seeking the
benefits and protections of state law to enforce their
self-imposed standards, regulations, and contracts.

281 S.W.3d at 221-22.

The defendants, dissatisfied with this Court's ruling on ADA
preemption, now move it to certify to the First Circuit Court of
Appeals the following question:

whether a party to an air transportation services
contract can assert tort claims in the face of a
preemption defense against the party with which it has
contracted concerning the terms of such services.

For the reasons set forth below, the defendants' question is
inappropriate for interlocutory review.

## 1. Whether the Subject Case Involves a Controlling Question of Law

A question of law is controlling if "reversal of the
district court's order would terminate the action." Philip
Morris Inc., 957 F. Supp. at 330 (internal citation omitted).
Here, if United's tort claims are preempted as a matter of law,
United's complaint would be dismissed in its entirety. Thus, the
preemption question is controlling.

The more difficult query, however, is whether the particular
preemption issue that arises in the instant case is one of pure
law. A legal issue is suitable for interlocutory review only if
it raises a "pure question of law" rather than "merely ... an
issue that might be free from a factual contest." Ahrenholtz v.
Board of Trustees of University of Illinois, 219 F.3d 674, 676-77

-8-

(7th Cir. 2000). The defendants contend that preemption is a pure question of law because it is "something the court of appeals [can] decide quickly and cleanly without having to study the record." Id. Indeed, in Ahrenholtz, Judge Posner specifically referred to ADA preemption as the archetypal example of an abstract legal issue, the resolution of which could "head off protracted, costly litigation." Id. at 677.

United responds that although a preemption defense often turns on a pure question of law, the preemption question in the instant case requires an inherently factual analysis. Under controlling First Circuit precedent, the ADA preempts laws that either 1) explicitly refer to an airlines prices or 2) have a significant effect upon those prices. Buck, 476 F.3d at 34-35. United insists that whether an effect is significant is not a pure question of law but one of fact and, accordingly, the kind of claim that an appellate court can better decide after the factual record is more fully developed. In United's view, because the defendants' preemption defense turns on a factual finding that United's tort claims have a "significant effect" on airline rates or services, the best result they could hope for is a remand to this Court for further development of the factual record.

United's argument on this point is unpersuasive. Numerous other ADA preemption questions have been reviewed on an

-9-

interlocutory basis, many of which involved analyses of "relatedness" or "significant effects". See, e.g., Witty v. Delta Air Lines, Inc., 366 F.3d 380 (5th Cir. 2004) (state regulation of leg room has significant effect on airline prices); United Airlines v. Mesa, 1999 WL 1144962 (N.D. Ill. Oct. 5, 1999) (certifying for interlocutory review order regarding whether regional airline's fraud and fiduciary duty claims against major airline were preempted by ADA as related to routes of air carrier). Thus, it cannot be the case that every ADA ruling is inappropriate for interlocutory review simply because it involves the "significant effects" test.

Here, as in Witty and Mesa, interlocutory review would not require detailed review of the factual record. Indeed, this Court was able to resolve the preemption question before discovery commenced. Accordingly, the first criterion for certification is met.

### 2. Whether an Immediate Appeal May Materially Advance the Ultimate Termination of the Litigation

The requirement that an appeal may materially advance the ultimate termination of the litigation is "closely tied to the requirement that the order involve a controlling question of law." Philip Morris, 957 F. Supp. at 330. As a general rule, when a pure question of law can be resolved expeditiously by the Court of Appeals, interlocutory review saves time and expense for both the Court and the litigants. Here, although an affirmation

of this Court's decision would be unlikely to advance the
termination of this litigation, a reversal undoubtedly would.

### 3. Whether There is a Substantial Ground for Difference of Opinion

Although the defendants have satisfied the first two
criteria for interlocutory review, they cannot clear the third
hurdle. Despite the defendants' zealous arguments for
certification, the Court is not convinced that its ruling on the
defendants' preemption defense presents substantial grounds for a
difference of opinion. Substantial grounds for a difference of
opinion arise when an issue involves "one or more <u>difficult</u> and
<u>pivotal</u> questions of law not settled by controlling authority."
<u>Philip Morris</u>, 957 F. Supp. at 330 (emphasis added). As United
points out, a "difference of opinion" suited for a § 1292 appeal
does not arise every time a court is called upon to apply a
particular legal principle to a novel fact pattern. Instead, the
issue must relate to the actual legal principle itself, not the
application of that principle to a particular set of facts. <u>See</u>
<u>In re Jackson Brook Inst., Inc.</u>, 280 B.R. 1, 8 (D. Me. 2002) (an
argument that a court misapplied settled law does not justify a
§ 1292 appeal).

Here, the relevant ADA preemption standard (the "significant
effects" test) is well-settled in the First Circuit, <u>see</u> <u>Buck</u>,
476 F.3d at 34-35, and there is no substantial disagreement among
the other circuits. Thus, the issue that the defendants

challenge is not the underlying legal principle itself but rather the Court's application of that principle to the particular factual scenario in this case.

The defendants maintain nevertheless that this is a "case of first impression" because no other court has ever decided whether the ADA preempts tort claims asserted by an airline against a customer when there is a specific contract governing their relationship. They insist that this Court's decision, which they perceive as an exception to the "otherwise consistent rule" that breach of contract claims are the sole recourse for parties to an air transportation services contract, creates a asymmetrical regulatory scheme under which airline <u>customers</u> are the only market actors subject to tort claims. Such an asymmetry, the defendants contend, would fly in the face of the ADA the purpose of which is to promote market efficiency.

Although this Court's ruling may be the first instance in which a court has applied the ADA preemption test to a tort claim <u>by</u> an a airline <u>against</u> a customer, the defendants overstate the novelty of the holding. The defendants frame the case as one in which United seeks to use tort law to alter the parties' contractual relationship but it is not, principally, a case assessing the terms of an airline carriage contract. To the contrary, the defendants' alleged scheme to misappropriate flight vouchers is, in essence, one involving a common brokerage

-12-

arrangement. Tort claims brought by airlines against unauthorized ticket brokers are common. See, e.g., Frequent Flyer Depot, 281 S.W.3d 215 (ADA does not preempt tort claims against frequent flyer miles broker); Weiner, 1999 U.S. Dist. LEXIS 16377 (ADA does not preempt tort claims against persons and companies involved in unauthorized resale of discount ticket coupons); American Airlines v. Christensen, 967 F.2d 410 (10th Cir. 1997) (upholding summary judgment on tort claims brought against frequent flyer ticket brokers); American Airlines v. American Coupon Exchange, Inc., 721 F. Supp. 61 (S.D.N.Y. 1989) (denying ticket broker's motion to dismiss airline's tort claims).

The defendants have cited no case in which an airline's suit to prosecute a brokerage scheme has been preempted by the ADA. Although the alleged scheme in this case was executed by United's purported customers rather than a third party broker, the gravamen of the scheme (and its lack of effect on airlines' rates or services) is the same. Thus, because this case does not present a unique or pivotal question of law, interlocutory review is unwarranted.

**ORDER**

In accordance with the foregoing, the defendants' motion for interlocutory review (Docket No. 76) is **DENIED**.

So ordered.

Nathaniel M. Gorton
United States District Judge

Dated July 23, 2010

-14-